**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-1600**

_____

GUNAWAN CHEN,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-584-192)

_____

Submitted: October 27, 2004        Decided: November 17, 2004

_____

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Brian E. Mezger, LAW OFFICE OF BRIAN E. MEZGER, Bethesda, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Norah Ascoli Schwarz, Senior Litigation Counsel, John S. Hogan, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gunawan Chen, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Chen challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Chen fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Chen's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Chen fails to show that he

- 2 -

is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that Chen fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Chen fails to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>